**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRYANT KEITH STEGALL,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-cv-802** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

Before the court is Bryant Keith Stegall's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1.) The pleading is identified as well as an "Alternative Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of Coram nobis ; Alternative Petition for a Writ of Audita Querela; Alternative Petition Under FRCP 28(j); Alternative Petition Under FRCP 60(b) and 52(b)." (ECF No. 1.) Among other claims, the petitioner asserts that he is entitled to a resentencing under the rule pronounced by the Supreme Court in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013).[1]

For the reasons set forth herein, if characterized as seeking relief under § 2255, the motion must be transferred to the Sixth Circuit for permission to file a second or successive § 2255 motion. Characterized as a § 2241 petition or otherwise, the motion is subject to denial for lack of jurisdiction.

**A.     Motion Under § 2255**

On December 22, 2003, Stegall entered a plea of guilty to traveling in interstate commerce with the intent to commit violence in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 1952 and 2. (Case No. 3:03-cr-00027, ECF No. 93.) The court accepted the plea effective May 22, 2006. (*Id.*, ECF No. 273.) On May 26, 2006, Stegall was sentenced to 180 months' imprisonment. (*Id.*, ECF No. 274.) Pursuant to the terms of the plea agreement that accompanied the petition to enter a plea of guilty, Stegall waived his right to appeal or collaterally attack his conviction or sentence, except on the grounds

_____

[1] *Alleyne* held that any fact that increases the mandatory minimum sentence for a crime is an"element" of the crime, not a "sentencing factor," and, therefore, must be submitted to the jury. 133 S. Ct. at 2155.

of prosecutorial misconduct, ineffective assistance of counsel, or an upward departure from the guidelines range. (*Id.*, ECF No. 273, at 8, ¶ 17.) In March 2008, Stegall filed his first motion under § 2255, raising a claim of ineffective assistance of counsel. (Case No. 3:08-cv-00303, ECF No. 1.) This court denied Stegall's § 2255 petition, denied his motion for reconsideration, and denied his application for a certificate of appealability. (*Id.*, ECF Nos. 10, 11, 14, 19.) On January 14, 2009, the Sixth Circuit likewise declined to issue a certificate of appealability and dismissed the appeal. (*Id.*, ECF No. 23.)

Stegall's current motion under § 2255 attacks the same sentence as that addressed in his first motion under § 2255 and, therefore, qualifies as a second or successive motion under § 2255. Before a second or successive habeas petition may be filed in a federal district court, the habeas petitioner is required to file a motion in the appropriate court of appeals, requesting an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §§ 2244 and 2254, a federal district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Cress v. Palmer*, 484 F.3d 844, (6th Cir. 2007) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). If a second or successive petition is filed in the district court without the petitioner's having obtained authorization from the court of appeals to do so, the appropriate procedure is for the district court to transfer the file to the appellate court, which will construe the habeas petition as a request under § 2244(b)(3) for authorization to file the petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for writ of habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.").

Because it is apparent that the present petition is a "second or successive petition" for purposes of § 2244, it must be transferred to the Sixth Circuit to be construed as a request for permission to file it in this court.

**B.    Motion Under § 2241**

Characterizing his motion as filed under § 2241, rather than § 2255, will not allow Stegall to circumvent the requirement that he obtain permission from the Sixth Circuit prior to filing a second or

successive petition, and, in any event, his petition cannot properly be construed as a petition for the writ of habeas corpus under § 2241. Seeking habeas corpus through § 2241 is generally appropriate if "the issues raised more accurately challenge[] the execution of the [federal prisoner's] sentence than its imposition." *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 78 (6th Cir .1977); *see id.* at 77 (noting that "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence"); *cf. United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). Thus, generally speaking, the only remedy for federal prisoners seeking habeas-type relief is through a motion to vacate pursuant to 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999) (per curiam); *In re Hanserd*, 123 F.3d 922, 933 (6th Cir. 1997).

Exceptions to this general rule are few. Pursuant to the "savings clause" in § 2255,[2] a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241 if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Charles*, 180 F.3d at 756 (quoting 28 U.S.C. § 2255(e)). The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Charles*, 180 F.3d at 756 (internal citations omitted); *see also Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because the one-year statute of limitations has expired. *Charles*, 180 F.3d at 758.

---

[2] The so-called "savings clause" provides as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Subsequent to the decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758)).

In reality, it appears that for relief under § 2255 to be inadequate or ineffective such that relief under § 2241 may be warranted, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); *see also Peterman*, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." *Gesuale v. Sanders*, 63 F. App'x 875, 876 (6th Cir. 2003).

The Supreme Court's decision in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013), does not entitle Stegall to relief under § 2241. First, his claims go to the imposition of his sentence rather than its execution, making them generally inappropriate for a § 2241 petition. Second, the Sixth Circuit has held that a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), cannot be raised in a § 2241 petition, *Bannerman v. Snyder*, 325 F.3d 722, 723–24 (6th Cir. 2003), and *Alleyne* on its face is characterized as an extension or application of *Apprendi*. *See Alleyne*, 133 S. Ct. at 2155 ("*Harris* [*v. United States*, 536 U.S. 545 (2002),] drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We conclude that this distinction is inconsistent with our decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and with the original meaning of the Sixth Amendment."). The Sixth Circuit has explained that "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin* [*v. Perez*]." *Bannerman*, 325 F.3d at 724. Likewise, because Stegall has no valid argument that he is factually

innocent, he cannot raise his *Alleyne* (or *Apprendi*) claims in a § 2241 petition.

And third, Stegall has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his *Alleyne* claim or other claims, even if the Sixth Circuit ultimately denies leave to file a second or successive § 2255 motion to address those claims. *Cf. Charles*, 180 F.3d at 756 (denial of leave to file second or success § 2255 motion does not establish that the § 2255 remedy is inadequate or ineffective).

In sum, Stegall cannot use 28 U.S.C. § 2241 to circumvent the rules governing the filing of second or successive § 2255 motions. Accordingly, this court lacks jurisdiction to consider this motion as a petition for the writ of habeas corpus under § 2241.

C. Writ of Error *Coram Nobis* or Writ of *Audita Querela*

Stegall also seeks release from custody pursuant to writs of *audita querela* and error *coram nobis*. Although these writs were effectively abolished in civil proceedings by the 1946 amendments to the Federal Rules of Civil Procedure, the Supreme Court has recognized that courts still have authority to issue writs of *coram nobis* in collateral criminal proceedings, *United States v. Morgan*, 346 U.S. 502, 506–10 (1954), and other courts have recognized their continuing authority to issue writs of *audita querela*, generally pursuant to the All Writs Act, 28 U.S.C. § 1651. *See, e.g.*, *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997); *United States v. Johnson*, 962 F.2d 579, 583 (7th Cir. 1992). According to the D.C. Circuit, "[t]he teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990).

Notwithstanding, to the extent Stegall seeks to characterize his filing as a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a), the petition is frivolous. Irrespective of the other necessary elements for such a petition, *coram nobis* may be used to vacate a federal sentence only "after the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable." *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). If a prisoner remains in custody, he is barred from seeking a writ of error *coram nobis*, even if § 2255 relief is no longer available. *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004) (citing *United States v. Johnson*, 237 F.3d at 755).

Stegall is clearly still in custody, and it appears he seeks to circumvent the rules governing §

2255 motions by characterizing his filing as a petition for writ of error *coram nobis*. This he cannot do. *Johnson*, 237 F.3d at 755.

Likewise, he may not employ *audita querela* under the All Writs Act, 28 U.S.C. § 1651, to sidestep § 2255. The United States Supreme Court has held that, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling." *Penn. Bureau of Corrs. v. U.S. Marshals*, 474 U.S. 34, 43 (1985). In this instance, where 28 U.S.C § 2255 already provides Stegall the means to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, that provides the authority for reviewing Stegall's allegedly unconstitutional federal sentence. *See Penn. Bureau of Corrs.*, 474 U.S. at 42, n.7, & 43; *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255. . . ."); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (explaining that *audita querela* may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255")). Stegall has not alleged any exceptional circumstances that would authorize this court to issue a writ under the All Writs Act. *Id.* at 43. The All Writs Act "does not authorize [federal courts] to issue *ad hoc* writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.*

Thus, Stegall is not entitled to relief in the form of writs of error *coram nobis* or *audita querela*.

**D.      Rules 28, 60(b), and 52(b) of the Federal Rules of Civil Procedure**

Stegall also characterizes his pleading as "an Alternative Petition Under FRCP 28(j); Alternative Petition Under FRCP 60(b) and 52(b)." (ECF No. 1.) The court is unable to ascertain what the petitioner means by FRCP 28(j). Rule 28 of the Federal Rules of Civil Procedure pertains to the taking of depositions, and it does not include a subpart (j).

Rule 52(b) has no application here. It provides generally that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings . . . and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). This rule of civil procedure has no bearing on the entry of the criminal judgment against Stegall,

which in any event was entered in 2006, obviously more than 28 days ago. To the extent he seeks to amend the judgment denying his first § 2255 motion, that judgment too was entered more than 28 days ago.

Rule 60(b) permits relief from judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence; fraud or misrepresentation by the opposing party; a void judgment; a satisfied judgment; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). This rule, too, pertains to civil actions, not criminal actions, and it may not be used to circumvent the restrictions imposed by 28 U.S.C. § 2255 to attack a federal criminal conviction or sentence. *Cf. Willis v. Jones*, 329 F. App'x 7 (6th Cir. 2009) ("Rule 60(b) motions are construed as successive habeas applications insofar as they make a claim for habeas relief on the merits." (citing *Gonzales v. Crosby*, 545 U.S. 524, 531–32 (2005)); *Wilson v. McKee*, No. 1:03-CV-29, 2008 WL 2325611, at *1 (W.D. Mich. June 2, 2008) ("Rule 60(b) motions cannot be used to circumvent the requirements of § 2244(b) [regarding the consideration of claims presented in second or successive habeas petitions].")). Stegall may not bring habeas claims under Rule 60(b) either.

### E.  Conclusion

Stegall is not entitled to pursue relief under 28 U.S.C. § 2241, 28 U.S.C. § 1651, the writs of error *coram nobis* or *audita querela*, or any of the Federal Rules of Civil Procedure in order to circumvent the restrictions on the filing of second or successive habeas petitions. To the extent he seeks to pursue claims cognizable in a motion attacking his judgment or sentence under 28 U.S.C. § 2255, his motion is a second or successive petition that must be transferred to the Sixth Circuit. The court will enter an order denying the alternative relief sought by the petitioner and transferring the petition to the Sixth Circuit as required by *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge